UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KOSHI WADE, et al.,

    *Plaintiffs*,

v.

DISTRICT OF COLUMBIA,

    *Defendant*.

Civil Action No. 19-2101 (TJK) (ZMF)

## MEMORANDUM OPINION

Plaintiffs—Koshi Wade and her daughter L.W.—allege that Defendant failed to provide her with a free and appropriate public education, or FAPE, under the Individuals with Disabilities Education Act, or IDEA. The Court referred the case to Magistrate Judge Zia M. Faruqi. After the parties moved for summary judgment, he prepared a Report and Recommendation, or R&R. The R&R recommends that the Court grant Defendant's motion for summary judgment and deny Plaintiffs' motion. Plaintiffs timely objected. For the reasons explained below, the Court will adopt the R&R and, as it proposes, enter judgment for Defendant.

**I.**     **Background**

The Court assumes familiarity with the factual and procedural background of this case. *See* ECF No. 23 at 2–6; *see also Wade v. District of Columbia*, No. 19-cv-2101 (TJK-ZMF), 2021 WL 3507866, at *1–3 (D.D.C. Feb. 11, 2021). In short, Plaintiffs sued Defendant after a hearing officer determined that Defendant's proposed individualized education programs ("IEPs") for L.W.'s 2016–17 and 2017–18 school years satisfied the requirements of the IDEA. The Court referred this matter to Judge Faruqi for full case management. The parties then moved for summary judgment. ECF Nos. 14, 15.

In their motion, Plaintiffs argued that the hearing officer erred when he concluded that (1) L.W.'s IEPs in January 2017 and December 2017 were appropriate for someone with her capabilities, *see* ECF No. 14-1 at 14–22; (2) Defendant had provided Plaintiffs prior written notice of her diploma track placement and graduation, *see id.* at 3–14; and (3) L.W. was properly graduated in June 2018, *see id.* at 22–23. As for the second purported error, Plaintiffs argued that the lack of prior written notice deprived Wade from knowing about the possibility of a certificate track, rather than a diploma track, for L.W., which would have allowed her to remain in school longer. *See id.* at 5. These arguments track the three claims that Plaintiffs made in their complaint. ECF No. 1 ¶¶ 57–63.

Judge Faruqui prepared an R&R recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiffs' motion. In summary, Judge Faruqui concluded that (1) claims related to L.W.'s IEP from January 2017 were not reviewable because they fell beyond the relevant statute of limitations, and that L.W.'s December 2017 IEP was reasonable, as the hearing officer concluded, *see* ECF No. 23 at 8–12; (2) while Defendant *had* failed to provide Plaintiffs prior written notice, that failure did not affect the student's substantive rights, *see id.* at 14–21; and (3) L.W. was properly graduated in 2018 because she had fulfilled the requirements of her IEP, and that a claim that her graduation was improper because of her absences from school had not been raised before the hearing officer, and in any event was meritless, *see id.* at 13–14. Plaintiffs objected to the R&R. ECF No. 26.

## II.     Legal Standard

Federal Rule of Civil Procedure 72(b)(2) provides that once a magistrate judge has entered his recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected

to." Fed. R. Civ. P. 72(b)(3); *see also Winston & Strawn LLP v. FDIC*, 841 F. Supp. 2d 225, 228 (D.D.C. 2012). The district court may then "accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* LCvR 72.3(c). When objecting to a report and recommendation, "the parties may not present new issues or arguments to the district judge; rather, only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court." *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (cleaned up). "And when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Id.* (cleaned up).

### III.  Analysis

To begin, Plaintiffs do not object to Judge Faruqui's conclusions that claims related to L.W.'s IEP from January 2017 are not reviewable because they fall beyond the relevant statute of limitations; that Defendant failed to provide prior written notice of L.W.'s diploma track placement and graduation; and that any claim that L.W.'s graduation was improper because of her absences was meritless. Plaintiffs *do*, however, make several objections to Judge Faruqui's three main conclusions in the R&R described above. For the reasons explained below, none has merit.

    **1.**    **Plaintiffs' Objections to Judge Faruqui's Conclusion that Defendant's Failure to Provide Prior Written Notice of L.W.'s Diploma Track and Graduation Did Not Affect L.W.'s Substantive Rights Are Meritless**

Plaintiffs first take aim at Judge Faruqui's conclusion that Defendant's failure to provide prior written notice of L.W.'s diploma track and graduation did not affect L.W.'s substantive rights. *See* ECF No. 26 at 5–11. Plaintiffs do so by alleging that Wade could not meaningfully participate in L.W.'s December 2017 IEP meeting because she did not know about the possibility of a certificate track. In addition, for the first time, Plaintiffs argue that Wade was not represented

by counsel or an advocate at the December 2017 meeting and that Defendant did not attend the meeting with an open mind to alternatives to a graduation track.

If plaintiffs are "denied a procedural protection of the IDEA," the question becomes whether "that denial . . . constituted a denial of a FAPE to [the student]." *J.T. v. District of Columbia*, 496 F. Supp. 3d 190, 203 (D.D.C. 2020), *aff'd*, No. 20-7105, 2022 WL 126707 (D.C. Cir. Jan. 11, 2022); *see* ECF No. 23 at 15–18 (finding Defendant procedurally violated the IDEA for failing to provide adequate prior written notice). And one way a plaintiff can show that a FAPE was denied because of a procedural inadequacy is by showing that it "significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education to the parents' child." 20 U.S.C. § 1415(f)(3)(E)(ii)(II); *see B.D. v. District of Columbia*, No. 15-cv-1139 (RJL), 2021 WL 6049879, at *7–8 (D.D.C. Dec. 21, 2021), *appeal dismissed*, No. 22-7011, 2022 WL 2919976 (D.C. Cir. June 29, 2022). Still, a "disagreement with the *output* of the IEP process does not mean that [plaintiffs] were denied the chance to provide meaningful *input* into that process." *Pavelko v. District of Columbia*, 288 F. Supp. 3d 301, 306 (D.D.C. 2018). "The party challenging the administrative determination 'take[s] on the burden of persuading the court that the hearing officer was wrong.'" *Middleton v. District of Columbia*, 312 F. Supp. 3d 113, 129 (D.D.C. 2018) (quoting *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988)).

Judge Faruqui considered the entire record and concluded that even though Defendant did not provide prior written notice of L.W.'s December 2017 diploma track placement and subsequent graduation, that failure did not affect L.W.'s substantive rights by significantly impeding Wade's opportunity to participate in the process. *See* ECF No. 23 at 19–20. He began by explaining the ample opportunities Wade had to contribute to, monitor, and challenge L.W.'s IEPs over the years.

4

As Judge Faruqui observed, "Wade was no novice to the IEP process," *id.* at 19. He noted that Defendant held several IEP meetings in which Wade participated, often with representation. *See id.* at 19–20 (noting Wade's assistance from counsel and educational advocates); *see also id.* at 4–5. Indeed, with the aid of counsel, Wade filed two due process complaints challenging L.W.'s 2016 and 2017 IEPs. A.R. 1467–90, 1491–1508.[1] And of course, Wade attended the December 2017 IEP meeting, although that time without counsel or an advocate. *See* A.R. 10–11. The Court agrees with the conclusion in the R&R.

Plaintiffs' objections do not undermine the conclusion that Defendant's failure to provide prior written notice did not significantly impede Wade's opportunity to participate in L.W.'s IEP process and so did not affect L.W.'s substantive rights.

Plaintiffs argue first that Judge Faruqui erred by not focusing *exclusively* on the December 2017 IEP meeting in making this determination. But they offer no legal support for the idea that he had to ignore all that happened beforehand. To be sure, the Supreme Court requires parental "participation at every stage of the administrative process." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 205 (1982). But nothing in the cases Plaintiffs cite suggest that a court may not consider the entire context of a parent's dealings with school administrators about a student's IEPs to inform its evaluation of whether the parent could meaningfully participate in a particular step in the process. Indeed, cases suggest the opposite is true. *See, e.g.*, *Cooper v. District of Columbia,* 77 F. Supp. 3d 32, 38 (D.D.C. 2014) (finding procedural violation for specific IEP meeting did not preclude meaningful participation in student's education based on an examination of "all of the IEP . . . meetings"). And while Plaintiffs also note that Wade was unrepresented at the December 2017 IEP meeting, representation is not

---

[1] The Court cites the administrative record as "A.R." *See* ECF Nos. 7–12.

5

required for parental participation to be meaningful anyway. *See J.T.*, 496 F. Supp. 3d at 203–04 (holding that attendance at IEP meetings showed a parent was not seriously deprived of her rights).

Indeed, the record here is nothing like those cases in which courts have found that a parent could not meaningfully participate. For example, in *Eley v. District of Columbia*, No. 11-cv-309 (BAH), 2012 WL 3656471 (D.D.C. Aug. 24, 2012), a parent was wholly excluded from a school's update of a student's IEP, "violat[ing] an important procedural safeguard and seriously impair[ing] the right of the parent to participate in the process." *Id.* at *9. And in another case Plaintiffs provided, *see* ECF No. 30, the court found a lack of meaningful participation based on an IEP meeting that occurred "in the [parents'] absence" right after the school had "unilaterally" made a placement decision for the student and despite the parent communicating she would "very much like to attend." *B.D.*, 2021 WL 6049879, at *7. Nothing of the sort happened here. *See* ECF No. 23 at 19–20.[2]

Plaintiffs also assert that Wade was unaware of the certificate track and the opportunity to advocate for it, so she was denied meaningful participation. *See* ECF No. 26 at 8–9. And it is this claim—linked to a lack of prior written notice—that they advanced in their complaint and motion for summary judgment. ECF No. 1 ¶ 62; ECF No. 14-1 at 3–14. Even assuming that Wade was unaware of the certificate track, it is not clear that would mean that she was denied meaningful participation, given the standard set forth in above-cited cases. Still, Judge Faruqui properly rejected this claim for sound reasons reflected in the record, and so it does not otherwise save Plaintiffs' argument that Wade lacked the opportunity to meaningfully participate. *See* ECF

---

[2] In contrast, *A.I. ex rel. Iapalucci v. District of Columbia*, 402 F. Supp. 2d 152 (D.D.C. 2005), presented a situation much like what happened here. In that case, the court found six "technical" violations of the IDEA but that there was no basis to find the student's IEP inappropriate, in part because plaintiffs did "not argue that they were denied the opportunity to examine relevant records, present complaints, or obtain an independent evaluation of [the student]." *Id.* at 165–66.

No. 23 at 17–18. A frequent IEP meeting attendee testified that the certificate track *had* been discussed with Plaintiffs, their counsel, and their advocates at "every IEP meeting." *See id.*; A.R. 1938. And although this was not enough to cure Defendant's failure to provide prior written notice, and there was some contrary evidence in the record, Judge Faruqi properly (in the Court's view) deferred to the hearing officer's crediting of that testimony, which suggests that Wade *had* been informed about the certificate track. *See* ECF No. 23 at 17–18 (citing *Wimbish v. District of Columbia*, 381 F. Supp. 3d 22, 29 n.5 (D.D.C. 2019)); A.R. 12. On top of that, over the years, L.W.'s IEPs made clear that a certificate track was available. The December 2017 IEP, as with all the ones before it, identified "H.S. Diploma" instead of "H.S. Certificate prior to age 21" or "H.S. Certificate at age 21" for L.W.'s "Projected Exit Category." *See* A.R. 774, 795, 814, 835, 860, 883, 931; *see also* A.R. 1938 ("[C]ertificate or diploma" "was discussed at every IEP meeting, it's on the IEP itself.").

   Plaintiffs also raise a host of other arguments about Defendant's conduct at the December 2017 IEP meeting, accusing Defendant of not having an "open mind about the possibility of switching L.W. to the certificate track," and suggesting that Defendant was not "willing to listen" to her. ECF No. 26 at 10–11. But these claims were not part of Plaintiffs' prior written notice claim in their complaint and in their summary judgment motion before Judge Faruqi. Thus, the Court need not—and will not—consider them now. *M.O.*, 20 F. Supp. 3d at 37. Regardless, as Judge Faruqi found, they are meritless. In support, Plaintiffs point out only that the school in which L.W. was placed offers only a diploma track. *See* ECF No. 26 at 11. But this is not tantamount to lacking an "open mind," and it does not reflect an unwillingness to listen. In the end, Ms. Wade offers no evidence that she tried to pursue the certificate track for L.W. but was rebuffed.

### 2. Plaintiffs' Objections to Judge Faruqui's Conclusion that L.W.'s December 2017 IEP Was Reasonable Are Meritless

Plaintiffs also say that Judge Faruqui erred in several ways when he found that L.W.'s December 2017 IEP was reasonable and appropriate, as the hearing officer had also found. *See* ECF No. 26 at 13–22. Again, the Court agrees with the analysis laid out by Judge Faruqui in the R&R and overrules Plaintiffs' objections.

Plaintiffs first argue that Judge Faruqui should not have relied on the hearing officer's determinations on witness credibility and should have instead found that the IEP was inappropriate based on their extrinsic evidence that L.W. could not have earned her good grades in certain high-level courses. The Court disagrees. Judge Faruqui thoroughly explained why he deferred to the hearing officer's determination that the December 2017 IEP was reasonable and why Plaintiffs' extrinsic evidence was insufficient to change that determination. *See* ECF No. 23 at 9–12. For example, Judge Faruqui credited the hearing officer's finding that "improved attendance over the summer credibly led to [L.W.'s] improved grades" in part because of testimony from L.W.'s psychologist. *See id.* at 12. Judge Faruqui also accounted for why he did not rely on Plaintiffs' post-graduate testing evidence, explaining that evidence that "post-dates" an IEP is considered only to the "extent it sheds light on whether the IEP was objectively reasonable at the time it was promulgated." *Id.* (cleaned up). In this case, Judge Faruqui concluded, L.W.'s "contemporaneous improvement in grades" sufficiently supported the hearing officer's decision that the December 2017 IEP was objectively reasonable. *Id.* Again, the Court agrees with this conclusion.

Plaintiffs offer a few other scattershot objections to the R&R's conclusion that L.W.'s December 2017 IEP was reasonable, but they can be dismissed even more summarily. They assert that Judge Faruqui (1) endorsed "shoehorning," (2) shifted the obligation to provide L.W. a FAPE to Wade, and (3) blamed Wade for L.W.'s placement at a diploma-only high school under what

they call the "chutzpah doctrine." *See* ECF No. 23 at 10; ECF No. 26 at 19–20. First, shoehorning is a "form of 'predetermination' where a school district develops a student's IEP based on [a] school's capabilities." ECF No. 26 at 20 (quoting Report & Recommendation at 16, *Shipley v. District of Columbia*, No. 18-cv-2550 (RMM) (D.D.C. Mar. 6, 2020), ECF No. 32). And there is no evidence of shoehorning here because L.W. had been on the diploma track at another high school before she enrolled at the diploma-only school from which she graduated (as well as before the December 2017 IEP). *See* ECF No. 23 at 10. Second, Judge Faruqui *did* note that Wade's objection to the December 2017 IEP's continuation of a diploma track for L.W. was undermined by her own choice to enroll L.W. in a diploma-only high school in August 2017. ECF No. 23 at 10. But nothing about that observation either shifted the burden of providing a FAPE or otherwise blamed Wade. Both claims appear to stem from Plaintiffs' assertion that Judge Faruqui found that Wade did not know that any alternatives to graduation existed. ECF No. 26 at 20–22. But that is not at all what Judge Faruqui found. As described above, he properly deferred to the hearing officer's determination that a frequent IEP meeting attendee had credibly testified that the certificate track *had* been discussed with Plaintiffs, their counsel, and their advocates at "every IEP meeting." *See* ECF No. 23 at 18; A.R. 1938. Even so, neither the R&R's conclusion that the December 2017 IEP was reasonable, nor the Court's adoption of that conclusion, turn on this observation.[3]

---

[3] Plaintiffs also object to Judge Faruqui, in analyzing whether L.W.'s December 2017 IEP was reasonable, characterizing their claim as asking for a specific educational outcome rather than "more" or "further educational benefit." ECF No. 26 at 23. Of course, while schools must provide a FAPE, they do not guarantee "any particular outcome or any particular level of academic success." *Holman v. District of Columbia*, 153 F. Supp. 3d 386, 389–90 (D.D.C. 2016). The Court understands this passage as reflecting Judge Faruqui's surmise about the true source of Plaintiffs' dissatisfaction with L.W.'s education, as opposed to a literal description of their legal claims. In any event, the R&R's analysis of the propriety of L.W.'s December 2017 IEP does not turn on this characterization of their chosen relief.

### 3. Plaintiffs' Objection to the Legal Standard Employed by Judge Faruqui to Conclude that Defendant's Graduation of L.W. Was Appropriate Is Meritless

Finally, Plaintiffs contend that Judge Faruqui used an "incorrect and circular" standard to conclude that L.W.'s graduation was appropriate. ECF No. 26 at 12. He did not. As Plaintiffs themselves note, to determine whether an education placement is appropriate, "courts apply the same analysis used when evaluating challenges to a student's IEP." *Id.* Judge Faruqui concluded that Defendant's "subsequent graduation of L.W. was an appropriate placement because L.W. fulfilled the requirements set forth in her IEP." ECF No. 23 at 13 (cleaned up). The Court understands this sentence to mean only that, for all the reasons Judge Faruqui had already concluded that L.W.'s December 2017 IEP was appropriate, her graduation upon fulfilling that IEP was also appropriate.

### IV. Conclusion

For all the above reasons, and upon consideration of the entire record, including the R&R and Plaintiffs' objections to specific portions of the R&R, the Court will adopt in its entirety Judge Faruqui's R&R, grant Defendant's cross-motion for summary judgment, and deny Plaintiffs' motion for summary judgment. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 7, 2022